### 10643.

#### STATE *EX REL.* QUINN v. COOPER *ET AL.*
#### (107 S. E. 924)

SCHOOLS AND SCHOOL DISTRICTS—SCHOOL DISTRICT ELECTION WITHOUT REQUIRING VOTERS TO PRODUCE EVIDENCE OF PAYMENT OF TAXES VOID.—A special school district election on the question of whether a special levy should be made against the property in the district, under Civ. Code 1912, § 1742, held without requiring the voters to produce tax receipts or other authorized evidence of the payment of taxes, as required by Section 239, and Const. Art, 2, § 4 (e), *held* void.

Writ of certiorari in the original jurisdiction to review the action of the State Board of Education of South Carolina in overruling a contest of a special election held in Gold Mine School District No. 90 of Spartanburg County. John B. Quinn, petitioner, and R. A. Cooper, et al., as State Board of Education, respondents. Appeal sustained and election declared null and void.

*Mr. J. Hertz Brown,* for petitioner-appellant, cites: *Election should have been conducted as is a general election:* 1 Civ. Code, 1912, Sec. 1742. *And proof of payment of taxes should have been required:* 102 S. C., 265; 84 S. C., 48; 79 S. C., 248; 107 S. C., 215. *Registration books should be closed thirty days before election:* Art. II, Sec. 11 Const. 1895; Code Proc., 1912, Sec. 205. *Production of registration certificate condition precedent:* 78 S. C., 465; 76 S. C., 574; 85 S. C., 448; 86 S. C., 455; Code Proc. 1912, Sec. 239.

*Asst. Atty. General Jno. M. Daniel* for respondents. Oral argument.

June 30, 1921.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is a proceeding, under a writ of certiorari, to review the action of the State Board of Education in overruling a contest of a special election held in Gold Mine School District No. 90 of Spartanburg County, on September 14, 1920, on the question of whether or not a special levy of eight mills should be made against the property in that school district under the provisions of Section 1742, Volume 1, Code of 1912.

It being admitted that the production of tax receipts or other authorized evidence of the payment of taxes was not required of any of the voters offering to vote and voting, in violation of Article 2, § 4 (e), of the Constitution, and of Section 239, Vol. 1, Code of Laws, 1912, the election was illegal, and should have been so declared by the State Board of Education. *Wright v. Board,* 76 S. C., 574; 57 S. E., 536; *State v. Canvassers,* 86 S. C., 455, 68 S. E., 676; *Clarke v. McCown,* 107 S. C., 215; 92 S. E., 479. The other grounds of objection need not be considered.

The judgment of this Court is that the appeal of the petitioners to the State Board of Education from the action of the County Board sustaining the validity of the election be sustained, and that the election in question be declared null and void.